UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **DOCKET NO. 2:16-cv-01180** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **BRUCE C. KEES** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an unopposed Motion for Entry of Default Judgment [doc. 10] filed by the United States of America, plaintiff in this matter, against defendant Bruce C. Kees. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons that follow it is recommended that the Motion for Entry of Default Judgment be **DENIED**, without prejudice.

I.
BACKGROUND

On August 15, 2016, the United States filed suit against Kees, seeking judgment in the amount of alleged unpaid federal income taxes and frivolous tax submission penalties for several years between 2003 and 2012 and an order for the foreclosure of federal tax liens that arose against real property (described in detail in the complaint) belonging to Kees in Vinton, Calcasieu Parish, Louisiana, authorizing the sale of the property and directing that the proceeds be applied to the tax liabilities.[1] Doc. 1, pp. 1–2.

---

[1] It also names defendants Chester Arthur Cormier and Brenda Sue Cormier under 26 U.S.C. § 7403(b) because they "may claim an interest in the Property by virtue of a Vendor's Lien recorded against the Property that has not been released." *Id.* at pp. 2–3. They were subsequently dismissed from the suit pursuant to a joint motion with the United States, after the United States determined that Kees had satisfied the underlying debt secured by the lien. Docs. 8, 9.

Under Count One of the complaint, the United States asserts that "a duly authorized delegate of the Secretary of the Treasury, following tax examination and the deficiency procedures under 26 U.S.C. §§ 6211–6213, assessed tax, penalties, and interest against Kees for his federal income tax liabilities" for, respectively, (1) tax years 2003, 2004, 2010, and 2012 and (2) tax years 2005–2008. *Id.* at pp. 4–6. The United States alleges that the Internal Revenue Service ("IRS") gave Kees notice of the assessments and made demand for payment. *Id.* It also alleges that Kees has failed to pay the amounts assessed plus additional interest, penalties, and other statutory additions that have continued to accrue. *Id.* Accordingly, the United States asserts, after applying all payments and credits, as of June 30, 2016, the remaining balance owed on these assessments is (1) $177,466.32 for the 2003, 2004, 2010, and 2012 liabilities and (2) $173,946.22 for the 2005–2008 liabilities. *Id.* at pp. 5–6.

The United States further alleges under Count One that Kees was assessed penalties under 11 U.S.C. § 6702 by a duly authorized delegate of the Secretary of the Treasury for filing frivolous tax returns for the years 2003 and 2005. *Id.* at pp. 6–7. It asserts that the IRS gave notice to Kees of these assessments and made demand for payment. *Id.* It alleges that after applying all payments and credits as of June 30, 2016, the remaining balance owed by Kees to the United States based on these assessments is $1,498.67. *Id.* at p. 7.

In Count Two of the complaint, The United States alleges that federal tax liens for the unpaid tax liabilities arose under 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments listed above and have attached to all property and rights to property of Kees, including Kees's interest in the property described in the complaint. *Id.* The United States alleges that the IRS filed "Notices of Federal Tax Lien" concerning the federal tax liens for the tax liabilities owed by Kees with the Clerk of Court of Calcasieu Parish, Louisiana on the dates set forth in the following table:

| Tax Period | Date of Assessment | Date of NFTL Filing |
|---|---|---|
| 2003 | 10/02/2006 | 01/23/2007 |
| 2004 | 03/31/2008 | 02/21/2013 |
| 2005 | 09/03/2007 | 02/21/2013 |
| 2006 | 06/22/2009 | 02/21/2013 |
| 2007 | 04/15/2013 | 05/07/2013 |
| 2008 | 07/11/2011 | 02/21/2013 |
| 2010 | 12/09/2013 | 01/30/2104 |
| 2012 | 03/24/2014 | 05/05/2014 |
| 2003 Section 6702 Penalty | 11/27/2006 | 02/21/2013 |
| 2005 Section 6702 Penalty | 11/06/2006 | 02/21/2013 |

*Id.* at p. 8.

Based on these alleged facts, the United States seeks judgment that Kees owes to the United States $352,911.71 plus interest and statutory additions that accrue, but minus credits and payments applied, after June 30, 2016. *Id.* The United States further seeks judgment that it has valid federal tax liens to and upon all property and property rights of Kees, including his interests in the property, for the tax liabilities and civil penalties described above. *Id.* Finally, the United States seeks an order that the tax liabilities be foreclosed upon the property; that the property be sold in accordance with the law and practice of the court, the findings of the court, and the rights of the United States, free and clear of any right, title, lien, claim, or interest of any other party hereto, their heirs, estates, or assigns; that the proceeds of the sale be distributed to the United States in accordance with the priority ranking of its claims and interests in the property; and that the court award the United States costs of the action. *Id.* at pp. 9–10.

Kees was personally served with a summons and the complaint on August 24, 2016, at 1601 Highway 109 South, Vinton, Louisiana 70663. Doc. 3. He did not file an answer or other pleading. On November 10, 2016, the United States moved for an entry of default as to Kees. Doc. 6. The Clerk of Court noticed an entry of default as to Kees on November 14, 2016. On June 6, 2017, the United States moved for default judgment against Kees, seeking the same relief it seeks

against Kees in its complaint, but alleging that the amount Kees owes as of April 26, 2017, is $365,022.38 plus prejudgment and postjudgment interest and any statutory additions, less credits and payments applied after April 26, 2017, and prior to the entry of judgment. Doc. 10. The United States certified that a copy of the motion was sent to Kees at 1601 Highway 109 South, Vinton, Louisiana 70668, on June 6, 2017. *Id.* at p. 6. Kees was provided twenty-one days from the date of service of the motion within which to respond [doc. 11], but failed to do so.

## II.
### LAW & ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs applications for default judgment. Rule 55(a) provides that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Pursuant to Rule 55(b)(1), the clerk may enter a default judgment against a party who has not appeared and who is neither a minor nor an incompetent person when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Rule 55(b)(2) provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). A default judgment is proper "only when the adversary

process has been halted because of an essentially unresponsive party." *Id.* (internal quotation omitted).

Before entering a default judgment, the court must first consider whether it is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). If the court finds that default judgment is appropriate, it must then "assess the merits of the plaintiff's claims and find a sufficient basis in the pleadings for judgment." *Taylor v. City of Baton Rouge*, 39 F.Supp.3d 807, 813 (M.D. La. 2014) (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Default judgment is at the discretion of the court. *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (citations omitted).

Here, the court is unable to address the merits of the claims because the United States' filings are deficient. First, the United States failed to comply with the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq.*, as it did not file an affidavit "stating whether or not the defendant is in military service and showing necessary facts [in] support [or] is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931; *see, e.g.*, *Helena Chem. Co. v. Goodman*, 2011 WL 1532200, at *6 (S.D. Miss. Apr. 21, 2011). The United States also has not shown that Kees is not a minor or an incompetent, two circumstances which preclude entry of default under Rule 55(b)(2). *See Helena Chem. Co.*, 2011 WL 1532200, at *6.

Even if the United States could supplement its motion to provide the appropriate documentation, the court would be unable to recommend entry of default at this stage based on the factual basis provided for the government's claims. The United States does not provide a factual basis in its complaint, or in the exhibits attached to its motion, to support a determination that Kees filed frivolous tax returns for tax years 2003 and 2005.[2] *See* doc. 1, pp. 6–7. The Secretary bears

---

[2] The complaint cites "11 U.S.C. § 6702" rather than "26 U.S.C. § 6702." However, as the court does not find default judgment appropriate as to the frivolous tax returns penalties there is no need to address this error.

the burden of proving that a taxpayer is liable for frivolous filing penalties under 26 U.S.C. § 6702. *See* 26 U.S.C. § 6703(b). Before entering a default judgment, the court must "assess the merits of the plaintiffs [*sic*] claims and find a sufficient basis in the pleadings for the judgment." *Taylor*, 39 F.Supp.3d at 813 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

Although Kees is deemed to have admitted the well-pleaded facts in the complaint, he would have no way of knowing on what basis the Secretary made the determination that he filed frivolous tax returns. In similar cases, the United States attached copies of documentary evidence, such as the allegedly frivolous tax forms, to support its motion for default judgment. *See, e.g.*, *United States v. Cowan*, 535 F.Supp.2d 1135, 1146 (D. Haw. 2008); *United States v. Welch*, 2013 WL 1444053, at *1–2 (D. Colo. Mar. 13, 2013). Here, the United States has not provided any evidence or allegations that would have given Kees notice of the basis of the determination that his filings were frivolous. Therefore, Kees has not admitted any facts supporting his liability in this respect.

Because the United States has not filed affidavits as to whether Kees is a military service member, minor, or an incompetent, and has not shown the basis for the Secretary's determination that he filed frivolous tax returns through competent evidence, the motion for default judgment should be denied. Should the United States re-file its motion and cure the deficiencies noted above, the court will then consider the merits of the claims.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion for Entry of Default Judgment [doc. 10] be **DENIED**, without prejudice to the United States' right to reassert it if it can correct the deficiencies described above.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 30th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE