# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:16-CV-01180** |
| **VERSUS** | **JUDGE CAIN** |
| **BRUCE KEES, ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Renewed Motion of the United States for Entry of Default Judgment Against Bruce C. Kees" (Doc. 18) wherein the United States moves pursuant to Federal Rule of Civil Procedure 55(b)(2) to enter a Default Judgment against Mr. Kees. This lawsuit was brought by the United States to recover unpaid taxes allegedly owed by Mr. Kees and for penalties for filing frivolous tax returns. Specifically, the United States seeks to reduce to judgment the outstanding federal tax liabilities assessed and to foreclose federal tax liens against property owned by Mr. Kees. For the reasons that follow, the motion will be granted.

*Procedural History*

The United States filed the instant lawsuit against Brenda Sue Courmier, Chester Arthur Courmier and Bruce Kees on August 16, 2016.[1] Pursuant to a Joint Motion to Dismiss,[2] defendants, Brenda Sue Courmier and Chester Arthur Courmier,[3] were dismissed

---

[1] Doc. 1.
[2] Doc. 8.
[3] Brenda Sue Courmier and Chester Arthur Courmier were originally named as Defendants because they might claim an interest in the property at issue.

with prejudice.[4] Mr. Kees was personally served with a summons and the Complaint on August 24, 2016,[5] but did not file an answer.

On November 10, 2016, because Mr. Kees failed to timely plead or otherwise defend the Complaint, the United States moved for an entry of default[6] and the Clerk of Court noticed the entry of default.[7] On June 6, 2017, the United States filed a "Motion of the United States for Entry of Default Judgment Against Bruce C. Kees."[8] In that motion, the United States asserted that Mr. Kees was indebted to it for unpaid federal income tax liabilities for tax years 2003, 2004, 2005, 2006, 2007, 2008, 2010, and 2012, plus frivolous tax submission penalties for tax years 2003 and 2005 in the amount of $365,022.38 as of April 26, 2017, plus prejudgment and post judgment interest thereon and statutory additions there, minus any credits or payments applied thereto after April 26, 2017, prior to judgment.

The United States sought (1) a judgment that it has valid federal tax liens to and upon all property and property rights of Kees, (2) an order that the tax liabilities be foreclosed upon the property, and (3) an order that the property be sold in accordance with the law and practice of the court.

The motion was referred to Magistrate Judge Kay who issued a Report and Recommendation[9] recommending denial of the motion.[10] The Magistrate Judge denied the

---

[4] Doc. 9.
[5] Doc. 3.
[6] Doc. 6.
[7] Doc. 7.
[8] Doc. 10.
[9] Doc. 13.
[10] For a complete recitation of the factual allegations, see the Report and Recommendation at Doc. 13.

motion because the United States' filings were deficient in that the United States failed to file affidavits as to whether Mr. Kees is a military service member,[11] minor, or incompetent, and the United States has not shown the basis for the Secretary's determination that Mr. Kees filed frivolous tax returns.[12]

The Judgment was adopted by United States District Judge Terry A. Doughty on September 18, 2018.[13] Due to no activity to further prosecute the case, a Notice of Intent to Dismiss was issued on April 30, 2019, after which the United States responded with a "Motion for Extension of Time to Take Appropriate Action by Filing Renewed Motion for Entry of Default Judgment."[14] That motion was granted,[15] and the United States filed the instant renewed motion for default.[16] In the meantime, the case was reassigned to the undersigned.[17]

Mr. Kees filed a response[18] which was marked deficient by the Clerk of Court. The Notice of Deficiency stated that the only proper response to a motion for default is a motion to set aside the default.[19] Mr. Kees, a *pro se* defendant, filed a letter[20] which this Court will consider as a motion to set aside the default. The Court notes that the record reflects that

---

[11] Servicemembers Civil Relief Act, 50 U.S.C. § 3901, 3931.
[12] The Secretary of the Treasury bears the burden of proving that a taxpayer is liable for frivolous filing penalties under 26 U.S.C. § 6702. *See* 26 U.S.C. § 6703(b).
[13] Doc. 14.
[14] Doc. 16.
[15] Doc. 17.
[16] Doc. 18.
[17] Rec. 20.
[18] Doc. 21.
[19] Doc. 22.
[20] Doc. 23.

Mr. Kees chose not to correct his prior deficient response.[21] Finally, on July 25, 2019, the United States filed its "Opposition of the United States to Motion to Set Aside Entry of Default"[22] which makes the motion for entry of default ripe for consideration.

## **LAW AND ANALYSIS**

*The Secretary's authority*

The Secretary of the Treasury has the authority to assess federal income tax liabilities, penalties and interest under Internal Revenue Code § § 6211-6213 [26 U.S.C. §§ 6211-6213] and frivolous submission penalties under Internal Revenue Code § 6702 [26 U.S.C. § 6702]. The Secretary follows the deficiency procedures under §§ 6211-6213 when an examination results in a determination that additional tax is owed.

Internal Revenue Code § 6020 [26 U.S.C. § 6020] permits the Secretary to make a return "from his own knowledge and from such information as he can obtain through testimony or otherwise" *Id.* when a taxpayer fails to file a required return or makes, willfully or otherwise, a false or fraudulent return(s). The Secretary uses the deficiency procedures under §§ 6211-6213 to proceed to assess the tax liability reflected on such a return. "Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes."26 U.S.C. § 6020.

---

[21] Even though the Court acknowledges that Mr. Kees failed to cure the prior deficient response, the Court has reviewed the response and finds that Mr. Kees' arguments and attached exhibits do not advance a defense for non-payment of his tax liabilities or assessed penalties.
[22] Doc. 24.

4

If the Internal Revenue Service ("IRS") is assessing a liability reported by a taxpayer on her/her return, it can proceed under Internal Revenue Code §§ 6201-6205 [26 U.S.C. §§ 6201-6205] as opposed to the deficiency procedures under §§ 6211-6213..

Under 26 U.S.C. § 6321, the United States has a lien for unpaid taxes on all property and rights to property of a taxpayer. This lien arises when an assessment is made and continues until the liability for the amount so assessed, or a judgment against the taxpayer arising out of such liability, is satisfied, or the lien becomes unenforceable by reason of lapse of time. 26 U.S.C. § 6322.*United States v. Wilkes*, 946 F.2d 1143 (5th Cir. 1991); *Texas Commerce Bank-Fort Worth v. United States*, 896 F.2d 152, 161 (5th Cir. 1990).

*Motion to Set Aside Default*

In its renewed motion for default, the United States asserted that Mr. Kees is indebted to it for federal income tax liabilities for tax years 2003, 2004, 2005, 2006, 2007, 2008, 2010, and 2012. The United States also seeks penalties for frivolous tax return filings for tax years 2003 and 2005. As of May 31, 2019, the United States submits that Kees owes $403,255.20.[23]

The United States asserts that federal valid tax liens arose against all property and rights to property owned by Kees for these unpaid taxes and the two (2) civil penalties on the dates they were assessed. The United States seeks to (1) reduce to judgment the unpaid federal income tax liabilities, (2) foreclose on the Property described in paragraph 9 of the Complaint, (3) have the Property sold in accordance with the law and practice of this Court,

---

[23] In addition, the United States further submits that Kees is liable for pre-judgment and post-judgment interest minus any credits or payments made after May 31, 2019.

5

(4) distribute the proceeds to the United States, and (5) apply those proceeds to Kees' unpaid federal tax liabilities, with any surplus to be paid to Kees.

Should the Court grant the motion, the United States requests that it be given the opportunity to submit a proposed Final Judgment and a separate proposed Decree of Foreclosure and Order of Sale Regarding the Property identified in paragraph 9 of the Complaint.

In a letter to the Court which we deem to be a motion to set aside the default, Mr. Kees asserts that he hired attorney, Christian D. Chesson, to "represent [him] in court and he never showed up both times. I called him both times and he said I had nothing to worry bout [sic] that he had it covered. After the fact he did not. So in good faith he gave me back part of payment ($1000.00)"[24]

As noted by the United States, Mr. Kees has offered no proof of these events, nor does he specify the court event to which Mr. Chesson was to "cover." We note as pointed out by the United States that there have been no hearings set in this case. Gross carelessness, ignorance of the rules, and ignorance of the law are insufficient to support claims of mistake, inadvertence, or excusable neglect under Federal Rules of Civil Procedure 60(b)(1). *Pryor v. U.S. Postal Service,* 769 F.2d 281, 287 (5th Cir. 1985). Further, "[A] party has a duty of diligence to inquire about the status of a case..." *Id.*

The Court further notes that this case has been ongoing for almost three (3) years, and Mr. Kees has been served with all motions, pleading and notices. Notably, Mr. Chesson

---

[24] Doc. 23.

is not, nor was he ever enrolled in this matter to represent Mr. Kees. The United States asserts that Mr. Kees has failed to respond to the Government's initial motion for entry of default despite his exchange of correspondence with the United States' counsel who advised him in July of 2017 that he needed to file a formal response of record. Therefore, the United States contends that Mr. Kees' failure to respond and participate in this litigation reflects gross carelessness on his part, not negligence on which the Court could base a finding of excusable neglect.

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default or default for "good cause" and may set aside a default judgment only as provided in Federal Rule of Civil Procedure 60(b). The standards under Federal Rule of Civil Procedure 60 do not apply when a party seeks relief from entry of default. *Sindhi v Raina*, 905 F.3d 327, 332 (5th Cir. 2018); *Douglas v. O'Neal*, 2018 WL 2437680 *2 (W.D. La. 2018); *See* 2015 Advisory comment to Federal Rule of Civil Procedure 55.

The Fifth Circuit has identified the following three factors as useful in determining the existence of good cause: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The district court may treat either the first or third factor as dispositive. *Pelican Renewables 2, LLC v. Directsun Solar Energy & Technology, LLC*, 325 F.R.D. 570, 574–75 (E.D. La. 2016). It may also consider other issues, such as whether a party acted expeditiously to correct a default. *In re Chinese Manufactured Drywall Products Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014).

Even in the absence of willful neglect by the defendant or unfair prejudice to the plaintiff, a district court may have the discretion not to upset a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party. *Lacey*, 227 F.3d 293.

In addition to not offering a meritorious defense to the claim of the United States,[25] Mr. Kees has willfully defaulted in failing to answer the complaint, and/or respond to the Clerk's Entry of Default, and the United States' Motion for Default. More than two and one-half years have elapsed since Mr. Kees was served personally with the complaint filed August 15, 2016. *See also J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F.Supp.2d (D.D.C.2011)(finding "[d]efault judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by 'the parties'] failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment"). Upon entry of default by the Clerk, a defendant is deemed to have admitted the well-pleaded allegations of fact in the complaint. *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *United States v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *See also* Federal Rule of Civil Procedure 8(b)(6). The Court finds that Mr. Kees' failure to answer and respond was willful and that his defenses are entirely without merit. Accordingly, Mr. Kees has failed to establish good cause to set aside the entry of default.

---

[25] To determine whether a meritorious defense exists, a court must analyze "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Scott v. Carpanzano*, 556 Fed.Appx. 288, 293-294 (5th Cir. 2014) quoting *In Re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008) quoting *Lacy v Sitel Corp.* 227 F.3d 290, 292 (5th Cir. 2000).

*The deficiencies are cured*

To cure the deficiencies set out in the Magistrate Judge's Report and Recommendation, the United States has submitted the Declaration of Robert E. Dozier[26] wherein Mr. Dozier, a Trial Attorney in the Tax Division of the United States Department of Justice, declares that to the best of his knowledge, Mr. Kees is neither a minor nor an incompetent person. Mr. Dozier further declares that as of June 5, 2019, Mr. Kees is not employed on active duty status with the United States Department of Defense and had not left active duty status during the 367 days preceding June 5, 2019.[27] The Court notes that Mr. Kees does not refute these assertions.

To support its frivolous tax return penalties for the 2003 and 2005 tax year, the United States submits (a) Form 1040 for 2003 tax year of Bruce C. Kees, signed and dated April 7, 2004, the IRS letter sent to Mr. Kees in response, along with IRS Form 8278 Computation and Assessment of Miscellaneous Penalties Non-Return Related Civil Penalties regarding frivolous tax return penalty for tax year 2003,[28] and (b) Form 1040 for 2005 tax year of Bruce C. Kees, signed and dated April 15, 2006, the IRS letter sent to Mr. Kees in response, along with the IRS Form 8278 Computation and Assessment of Miscellaneous Penalties Non-Return Related Civil Penalties regarding frivolous tax return penalty for tax year 2005.[29]

---

[26] Doc. 18-17, ¶ 5.
[27] *Id.* ¶ 6. The United States attaches exhibit B, Certificate (styled as a "Status Report Pursuant to Service-Members Civil Relief Act").
[28] *Id.* attached as exhibit C.
[29] *Id.* attached as exhibit D.

The Court finds that the United States has sufficiently cured the deficiencies noted by the Magistrate Judge. Specifically, the United States has furnished sufficient evidence to show the bases upon which the IRS determined that Mr. Kees filed frivolous tax returns for tax years 2003 and 2005, and the United States has further met its burden to show that Mr. Kees is liable for the two frivolous return penalties under 26 U.S.C. § 6703(a). Furthermore, the United States has sufficiently established that Mr. Kees is not, nor was he, for the relevant time period, a military service member, minor or incompetent.

## CONCLUSION

For the reasons set forth above, the Court will grant the United States' Renewed Motion and enter a default judgment against Mr. Kees.

**THUS DONE AND SIGNED** in Lake Charles, Louisiana, on this 15 day of August, 2019.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**