RECEIVED
IN LAKE CHARLES, LA.
AUG 28 2019
TONY R. MOORE, CLERK
BY_____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRUCE C. KEES,

    Defendant.

Civil No. 2:16-cv-1180
JUDGE CAIN
MAGISTRATE JUDGE KAY

## FINAL JUDGMENT

On August 15, 2019, this Court entered its Judgment (Doc. 26) [and Memorandum Ruling (Doc. 25)] granting the Renewed Motion of the United States for Entry of Default Judgment Against Bruce C. Kees (Doc. 18). For the reasons assigned, facts found, and decisions set forth in its Judgment and Memorandum Ruling, the Court (under Federal Rule of Civil Procedure 58(a)), hereby **FINDS, ORDERS, and ADJUDGES** that:

(1) The Motion to Set Aside Default (Doc. 23) filed by Bruce C. Kees ("**Kees**") is denied.

(2) The Renewed Motion of the United States for Entry of Default Judgment Against Bruce C. Kees (Doc. 18) is granted.

(3) The United States shall have judgment in its favor against Bruce C. Kees for the unpaid balances of his federal income tax liabilities for tax years 2003, 2004, 2005, 2006, 2007, 2008, 2010, and 2012 (the "**Income Tax Liabilities**") in the total amount of **$401,356.74** through May 31, 2019, plus prejudgment and postjudgment interest thereon thereafter under 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601(a), 6621(a)(2), and 6622 and statutory additions

thereon according to law, minus any credits or payments applied thereto after May 31, 2019, prior to entry of this Final Judgment until such unpaid balances are satisfied. The unpaid balances of the Income Tax Liabilities as of May 31, 2019, were the following:

| TAX YEAR | DATES OF ASSESSMENT | TOTAL BALANCE OUTSTANDING |
|---|---|---|
| 2003 | 10/02/2006 | $118,810.80 |
| 2004 | 03/31/2008 | $ 80,350.46 |
| 2005 | 09/03/2007 | $ 27,771.32 |
| 2006 | 06/22/2009 | $ 33,280.56 |
| 2007 | 04/15/2013 | $ 97,928.51 |
| 2008 | 07/11/2011 | $ 39,601.82 |
| 2010 | 12/09/2013 | $     954.32 |
| 2012 | 03/24/2014 | $   2,658.95 |
|  | Total | $401,356.74 |

(4) The United States shall have judgment in its favor against Bruce C. Kees for the unpaid balances of two penalties (under 26 U.S.C. § 6702) (the "**Frivolous Tax Return Penalties**") in the total amount of **$1,898.46** through May 31, 2019, plus prejudgment and postjudgment interest thereon thereafter under 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601(a), 6621(a)(2), and 6622 and statutory additions thereon according to law, minus any credits or payments applied thereto after May 31, 2019, prior to entry of this Final Judgment until such unpaid balances are satisfied. The unpaid balances of the Frivolous Tax Return Penalties as of May 31, 2019, were the following:

| TAX YEAR | DATES OF ASSESSMENT | TOTAL BALANCE OUTSTANDING |
|---|---|---|
| 2003 | 11/27/2006 | $ 853.49 |
| 2005 | 11/06/2006 | $1,044.97 |
|  | Total | $1,898.46 |

(5) Bruce C. Kees is the record title holder of the land with all improvements and Appurtenances thereon thereunto (including without limitation any residence or other structure

2

thereon) located at 1601 Highway 109 South, Vinton, Louisiana 70668, in Calcasieu Parish, Louisiana, which is more particularly described as follows:

> Commencing on the West right of way line of Louisiana #121 (Tommey-Starks Highway) thirteen hundred thirty-six and nine-tenths (1336.9) feet North of the South line of Section 1, Township 10 South, Range 12 $^1\!/\!_{\!}A$ West, Louisiana Meridian, Calcasieu Parish, Louisiana, thence West 236 feet, more or less, thence North 185 feet, thence East 236 feet more or less, thence South 185 feet to the point of commencement, containing one (1) acre, more or less, together will all improvements thereon situated.
>
> and
>
> Being a part of Section One (1), Township Ten (10) South, Range Twelve and One-Half (12 'A) West, and being more particularly described as commencing One Thousand Three Hundred Forty-Nine and One Half (1349 'A') feet South of the center of Sabine Canal on the Stark-Toomey Highway, thence West Two Hundred Thirty Six (236') feet, thence South One Hundred Twenty-Five (125') feet, thence East Two Hundred Thirty-Six (236') feet, thence North One Hundred Twenty-Five (125') feet to the point of commencement, containing one (I) acre, more or less, together will all improvements situated thereon.

This property is identified in paragraph 9 of the Complaint (Doc. 1) and is referred to hereinafter as the "**Subject Property**."

(6) The United States has federal tax liens that arose under 26 U.S.C. §§ 6321 and 6322 upon the dates on which the Income Tax Liabilities and the Frivolous Tax Return Penalties were assessed by the Internal Revenue Service, and these liens attach to all property and rights to property of Kees, including his interest in the Subject Property.

(7) The federal tax liens of the United States for the Income Tax Liabilities and the Frivolous Tax Return Penalties shall be foreclosed on the Subject Property and, upon entry by the Court of its separate Decree of Foreclosure and Order of Sale, the Subject Property shall be

sold by the IRS Property Appraisal and Liquidation Specialists ("**PALS**") pursuant to the Decree of Foreclosure and Order of Sale free and clear of the liens and claims of all parties, such liens and claims on and to the Subject Property to attach to the proceeds of sale as set forth herein. Upon confirmation of the sale by this Court, the proceeds of sale shall be distributed to the United States and the remaining claimants[1] herein in the following order:

**Ranking of Claims To and Upon the Subject Property**

(a) First, to the United States for the expenses of sale, including without limitation any expenses incurred to secure or maintain the Subject Property pending sale and confirmation of the sale by the Court;

(b) Second, to Calcasieu Parish, Louisiana, or any other appropriate Louisiana governmental entity, for any payments due under Louisiana law for unpaid ad valorem or other charges with regard to the Subject Property within the scope of 26 U.S.C. § 6323(b)(6);

(c) Third, to the United States for its lien claim for the unpaid federal income tax liability of Bruce C. Kees for tax year 2003[2];

(d) Fourth, to the United States for its lien claims for the unpaid Frivolous Tax Return Penalties against Bruce C. Kees for tax years 2005 and 2003 in that order; and

---

[1]Brenda Sue Courmier and Chester Arthur Courmier were originally named (in paragraphs 7 and 8 of the Complaint) under 26 U.S.C. § 7403(b) as Defendants in this action solely because they might claim interests in the Property at issue. By its Order (Doc. 9) entered on April 25, 2017, the Court granted the Joint Motion to Dismiss With Prejudice Claims of the United States Against Brenda Sue Courmier and Chester Arthur Courmier (Doc. 8) and dismissed the Courmiers as parties in this case. That Order includes a stipulation among the United States, Brenda Sue Courmier, and Chester Arthur Courmier that the Courmiers have no interests in or claims upon the Subject Property.

[2]Because the Notices of Federal Tax Lien for certain of the income tax liabilities and for both of the Frivolous Tax Return Penalties were filed on the same day(s), the Court ranks the lien claims of the United States in subparagraphs 7(c), 7(d), and 7(e) according to the assessment date of each of the Income Tax Liabilities and Frivolous Tax Return Penalties. See Complaint, ¶ 20.

(e) Fifth, to the United States for its lien claims for the unpaid federal income tax liabilities of Bruce C. Kees for tax years 2005, 2004, 2006, 2008, 2007, 2010, and 2012 in that order; and

(f) Sixth, to Bruce C. Kees (or any heir, legatee, or successor to Bruce C. Kees) for his claims based on his interest in the Subject Property.

(8) In the event the United States wishes to sell the Subject Property through a means other than a sale under the Decree of Foreclosure and Order of Sale entered by the Court, the United States shall first obtain authorization from this Court to sell the Subject Property through such other means before proceeding with such sale.

**SO FINALLY ORDERED AND ADJUDGED** in Lake Charles, Louisiana, on this 28th day of August, 2019.

HONORABLE JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE